**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01906-WYD-BNB

WESTERN STAR AG RESOURCES, INC., a Delaware corporation; and
GREATER SALINA COMMUNITY FOUNDATION, a Kansas Corporation,

    Plaintiffs,

v.

SOUTHERN CROSS RANCH, LLC, a Georgia limited liability company,

    Defendant.

**JOINT STIPULATION AND PROTECTIVE ORDER**

    It is hereby stipulated by and among Western Star Ag Resources, Inc., and Southern Cross Ranch, LLC (collectively, the "Parties"), by and through their respective attorneys:

    1.    In the course of litigation, the Parties shall produce to one another certain information and documents that will include confidential commercial and proprietary information, notwithstanding any contention that the unprotected disclosure thereof could have an adverse and detrimental impact on the legitimate business interests of the disclosing Party. Such information may include confidential financial information such as cost and profit information and projections, loan financing and credit information, marketing or business strategies, merchandising information, operational reports and analyses, business proposals, contract terms, future projects or endeavors, and other confidential information.  A Party disclosing such information may designate it as "Confidential" ("Confidential Information"). The Parties agree that the following limitations on the disclosure of such Confidential Information shall govern.

2.  Documents, discovery responses and materials and deposition testimony designated as Confidential Information shall be subject to the provisions of this Stipulation and Protective Order.

3.  All documents, discovery responses or other materials produced and designated as Confidential must first be reviewed by the producing Party's counsel. Any documents, discovery responses or other materials designated by a Party as Confidential must be based upon a good faith belief that the information is Confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). All materials designated as Confidential shall have clearly stamped thereon (before delivery into any other Party's counsel's possession) "Confidential" in a manner which avoids any interference with the legibility of the material. Transcripts of depositions which contain Confidential Information may be designated as Confidential Information by counsel for any Party by serving written notice to all other Parties within fourteen (14) days of the designating Party's receipt of the transcript. Until expiration of the fourteen (14) day period, all deposition transcripts shall be treated as Confidential Information. Transcripts of depositions designated as Confidential Information shall be stamped "Confidential" by each Party in the manner set forth above.

4.  Documents, discovery responses, deposition transcripts and materials designated as Confidential Information and the information contained therein shall be used only in connection with the prosecution or defense of this litigation (including any appeals) and may be disclosed only as follows:

   A.  Confidential Information may be disclosed only to the Parties, their respective attorneys, including in-house counsel, and to members of the paralegal, secretarial or clerical staff (including shorthand reporters) assisting such attorneys.

B.  The persons to whom Confidential Information may be disclosed under subpart A of this paragraph may disclose the Confidential Information to experts specifically retained by them for the purpose of this litigation only.  Before the disclosure of any Confidential Information to such experts, the experts shall execute a written agreement to be bound by the terms and provisions of this Stipulation and Protective Order.  This written agreement, signed by the expert, shall be filed with the Court.  Such experts shall destroy all Confidential Information and any notes made from Confidential Information at the conclusion of this litigation and certify that such destruction has taken place in the manner specified in paragraph 8 of this Stipulation and Protective Order.

C.  In addition to the foregoing, Confidential Information may also be disclosed to the author(s) of the Confidential Information, any prior recipients of the Confidential Information, court officials involved in this litigation (and their staff) and any jury impaneled at the trial of this case.

D.  Except as provided in subpart B and C of this paragraph, the Parties, their counsel, and others with permitted access to the Confidential Information shall not disclose such Confidential Information or the existence thereof to any person or use it for any purpose except the prosecution or defense of this litigation.

5.  Except as limited below, Confidential Information may be used or elicited in depositions, pre-trial hearings or trial and in the preparation of witnesses provided that such documents or information is necessary and appropriate for the prosecution and defense of this litigation and provided that such witness agrees in writing or on the record to preserve the confidentiality of such Confidential Information and not use any such information for any purpose except this litigation and does not retain a copy of the Confidential Information.

6.   No Confidential Information, nor any documents containing such information, shall be provided to witnesses who are not otherwise entitled to access such documents under this Protective Order.  The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

7.   A Party filing any document with any court containing Confidential Information shall file with the document a motion to seal Court Records containing such Confidential Information.

8.   The provisions of this Stipulation and Protective Order with respect to the dissemination of Confidential Information shall survive and continue in force after termination of this litigation, whether by trial, appeal, settlement or otherwise.  All copies of such Confidential Information received by a Party or its counsel, including all notes with respect to such Confidential Information, except notes protected by the attorney-client or work product privilege, shall be returned to the Party that produced such documents or information or shall be destroyed at the termination of this litigation.  Counsel shall certify to the producing Party's attorney in writing that, to the best of his or her knowledge, such Confidential Information (including all copies and all Confidential Information disseminated to experts) has been returned to the producing Party or destroyed and shall certify that it and all those to whom it has disseminated Confidential Information have complied with all provisions of this Stipulation and Protective Order.  Counsel of record shall be responsible for the destruction or return of any copies provided to individuals designated under paragraphs 4 and any notes, except notes protected by the attorney-client or work product privilege, relating to such copies.  It is stipulated and agreed that the Court shall retain jurisdiction over the Parties and recipients of Confidential

Information for enforcement of the provisions of this Stipulation and Protective Order following termination of this litigation.

9. Nothing in this Stipulation and Protective Order shall be deemed or construed to be a waiver by any Party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

10. Documents, discovery responses or materials designated as Confidential Information may be copied as reasonably necessary in connection with this litigation without the permission of the producing Party or an Order of the Court by persons entitled to receive such information under paragraph 4 of this Stipulation and Protective Order, provided that access and use of such copies is restricted in accordance with this Stipulation and Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Protective Order and shall be destroyed at the termination of this litigation as provided for herein.

11. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed

under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12.     This Stipulation and Protective Order shall be binding upon the Parties, their successors, representatives and assigns, as well as all counsel for the Parties hereto and their paralegals and office employees.

13.     The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of documents and things containing Confidential Information.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED.

Dated June 5, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED AS TO FORM:**

                WESTERN STAR AG RESOURCES, INC.

                By: _s/ *Benjamin D. Pergament*_____
                    Marc D. Flink
                    Benjamin D. Pergament
                    BAKER & HOSTETLER LLP
                    303 East 17th Avenue, Suite 1100
                    Denver, Colorado 80203-1264
                    (303) 861-0600
                    (303) 861-7805 (fax)

                    **ATTORNEYS FOR PLAINTIFF**


                By: _s/ *James S. Hardy*_____
                    Stanley L. Garnett
                    James S. Hardy
                    BROWNSTEIN HYATT FARBER SCHRECK, P.C.
                    410 Seventeenth Street
                    Suite 2200
                    Denver, Colorado 80202
                    (303) 223-1100
                    (303) 223-1111 (fax)

                    **ATTORNEYS FOR DEFENDANT**